*569 The opinion of the Court was delivered by
Levy, J.
Plaintiff, the owner of the Ardoyne Plantation, in the Parish of Terrebonne, on the Bayou Black, brought this suit against defendants, the owners of Ellendale Plantation, a contiguous estate below, on tlie same Bayou, in which he prayed for judgment in his (plaintiff’s favor) ordering defendants “to close five certain ditches or canals leading from the Ellendale Plantation into petitioner’s lands at the points where they respectively intersect his said lands, ordering them to restore the land leading upon petitioner’s plantation to the level and natural incline as existing in a state of nature, enjoining them from throwing the waters of the Ellendale Plantation upon petitioner’s lands, by means of said canals and ditches, and decreeing to petitioner the full and exclusive control of said ditches or canals,” and for judgment condemning defendants to pay petitioners $5,000, actual damages incurred, and $2,000 annual damages, until the decision of this case.
Plaintiff alleges, in his petition, that the Ardoyne Plantation extends in the rear of Ellendale, on the west side of Bayou Black; that defendants have made, or caused to be made, at points where said Ellendale Plantation intersects that of plaintiff, five large canals or ditches, running parallel with each other, in a northeasterly and southwesterly direction, at a distance of about five arpents apart into plaintiff’s lands, and extending therein several arpents ; that said canals or ditches were cut some time in the year 1877, but the exact time is unknown to him ; that thereby plaintiff’s lands are subjected to an unnatural burden by receiving waters from the Ellendale Plantation, from which they Avould Otherwise be exempt, and they throw Avater upon him, from which he Avould otherwise be exempt.
Defendants, in their ansAver, deny generally, and make the following averments and allegations. They aver oAvnership of the Ellendale Plantation in the succession of E. E. McCollam, that it was purchased by the late John McCollam from Tanner and Judan, by notarial act of 19th April, 1851; that said John McCollam, by his last Avill, duly- probated January 22, 1867, bequeathed it to said Mrs. E. E. McCollam, av1\o Avas immediately put in possession thereof; that said Ardoyne Plantation A\ras formerly the property of Widow James Hanna, avIio conveyed one undivided half thereof to James J. Hanna, on 27th June, 1843, and the other half Avas acquired by Mrs. S. Yorke, on 24th September, 1844, at a judicial sale in the succession of said WidoAv James Hanna; that, on February 9th, 1859, said James Hanna and Mrs. Yorke comreyed the whole of said plantation to Alfred A. Williams ; and on 27th of August, 1869, N. S Williams, executor of A. A. Williams, in pursuance of due and legal authorization, conveyed the same to Mrs. M, McD. Von Phul, and on January 31st, 1871, said Mrs. *570 Von Phnl conveyed it to N. S. Williams, and at public sale, under Execution vs. N. S. Williams, it was conveyed to plaintiff. It is admitted by all parties that the original titles and mesne conveyances, as above set forth, were duly made and the various acts mentioned duly recorded. Defendants aver that -there are five ditches leading from Ellendale Plantation, at the rear thereof, into the land of plaintiff; that said ditches were cut by the then proprietor of Ellendale, John McCollam, prior to the year 1858; that Ed. McCollam, administrator, did cause three of said ditches to be extended on plaintiff’s land during the year 1875; (giving the dimensions of said original and extended ditches.); that these extensions were made to render serviceable and useful the ditches that were already cut, and to preserve them; that instead of plaintiff being injured, he is heuefitted thereby; that Ellendale Plantation has a right to drain through said portion of Ardoyne, for the reasons : that by a compact made prior to thoyearl858, between the then proprietors of the two plantations, in consideration of John McCollam granting to Hanna & Yorke the right to cut wood for sugar rolling purposes from a portion of Ellendale, said Hanna & Yorke granted and conveyed to McCollam a servitude of drainage in favor of Ellendale through Ardoyne, where said ditches were cut., which servitude has been continuously possessed and enjoyed over since. That said ditches were cut in an open, public manner, at considerable outlay, and with the full knowledge of said Hanna & Yorke, and without objection on their part and, therefore, that plaintiff, claiming under them by mesne conveyances, is estopped from setting up his present claim. That said five original ditches have been used for the past twenty-three years, continuously, and this use has been open, public and uninterrupted, and of right and adverse to the proprietors of Ardoyne, and they plead the acquirement of said servitude by the prescription of ten years. That this portion of Ardoyne, situated below Ellendale, owes a servitude to the latter to receive its waters. That the extensions were made without objection by plaintiff, but with the encouragement of his agent, are of great service to plaintiff, who has availed himself of them, and is, therefore, estopped from objecting. That the devise to Mrs. E. E. McCollam, by ■will probated January 22, 1867, carried with it all servitudes enjoyed by it, including that of drainage now in contest, of which she and her representatives have been in possession and enjoyment, openly, publicly, uninterruptedly, and of right since January 22, 1867, by a just title and in good faith, apd plead the prescription of ten years. They specially plead, further, the prescription of one, five and ten years.
There was judgment in favor of defendants and against plaintiff, in so far as the main ditches are concerned, and in favor of plaintiff and against defendants in so far as the extension ditches are concerned, and *571 ordering defendants to close said extension ditches at the points where they lead from the main ditches, respectively, and to restore the land at said points to its natural level, and condemning defendants to pay the costs of suit.
Plaintiff has apjtealed.
As will he seen from the above statement of the pleadings, defendants rely upon the alleged compact between John McCollam and Hanna & Yorke, in 1858, as establishing the right to cut the main ditches and giving a continuous servitude of drainage thereby, on the lands now owned by plaintiff, and upon the prescription of ten years, based upon adverse possession during that period. The proof as to the primal grant and establishment of this servitude is wholly parol.
By Article 471, R. C. C., a servitude, established on an immovable estate is considered asan immovable. Articles 2440 and 2275, R. C. C., respectively require “ that all sales of immovable property shall be made by authentic actor under private signature,” and “ every transfer of immovable property must be in writing.” It is not contended, in this case, that the servitude was granted by any written instrument, and it is claimed that, if the right were relied upon alone, as arising from a verba] contract or agreement, it should necessarily fail of recognition. In Bailey vs. Ward, 32 A. 840, the Court said: ‘‘ We do not consider that the late Court, by remanding the ease, intended to permit the introduction of parol evidence to show title to an element of ownership of real estate, but merely, to allow the defendant to establish the character of his alleged title, in view thereafter of passing upon the validity of oral testimony, and of regulating its effects. So far as the testimony is offered, and was permitted to be introduced, to show any title whatever to the realty, whether in the shape of ownership, usufruct, use, or habitation, it is illegal, and is to be eliminated, as the law requires written evidence in such cases ; 7 A. 103 ; 23 A. 242 ; but in so far as it was proposed to show permission on the part of the owner to occupy the property without paying rent or contribution for such occupancy, it is legitimate and can be weighed.”
It is settled that servitudes may be proved by parol when they arc bused on-prescription. Macheca vs. Aveguo, 25 A. 56. This is necessary to show the kind of possession and the duration thereof.
The evidence in this record shows that the natural drain of the waters from the Ellendale Plantation is not through the Ardoyne lands, but, on the other hand, that it is towards the Crescent Farm Plantation, which adjoins and is below Ellendale, hence the servitude herein claimed does not originate from the natural situation of the places, or from the obligations imposed by law., but falls tinder the head and description of those which arise from contract between the respective *572 owners, or from such permission as serves to' give title. The evidence shows that as to the main ditches, the owners of Ellendale have been in possession of the servitude since the year 1858; this suit having been instituted on July 7th, 1880. The extension ditches were cut in the year 1875.
Defendants contend that the possession and use by them of the main ditches for more than ten years, perfect their right thereto, and entitle them to the benefit of the prescription of ten years, and plaintiff contends that the prescription of ten years is inapplicable, and if any prescription can be successfully invoked, it is that of thirty years.
In support of their position, defendants rely upon Art. 765, E. C. C., under the head: “ How servitudes are acquired,” which reads as follows: “ Continuous and apparent servitudes may bo acquired by title or by a possession of ten years,” and on the decisions of this Court in the'cases of Vincent vs. Michel, 7 L. 52, and Guesnard vs. Executors of Bird, in 33 A. 797.
The first mentioned case was to compel the defendant to abate a nuisance alleged to be caused by the drip from defendant’s house, which fell on plaintiff’s adjoining lot and for damages in consequence thereof. Defendant pleaded the prescription of ten years against plaintiff’s demand and right of action. There was a verdict of the jury in favor of defendant by reason of prescription. Mr. Justice Matthews, as its organ, rendered the decision of the Court, and in the opinion said : “In the present case, no written evidence of title is shown on the part of the appellee, by which he claims the servitude in question. His right of servitude rests solely on the acquiescence of the plaintiff in the burden imposed on his property, by suffering ten years and upwards, without complaint, the drip from the defendant’s house to fall on his lot. The 761st (now 765th) Article of the Louisiana Code provides, that ‘ continuous and apparent servitudes may be acquired by title or by a possession of ten years, etc.’ A possession of the servitude claimed in the present instance is proven to have existed more than ten years before this suit was brought. We are, therefore, of opinion, that the verdict of the jury is supported by the evidence of the case, as no interruption to the possession of this servitude is shown on the part of the plaintiff.”
In the case in 33 A. 797, this Court held that plaintiff, who did not rely upon any written title, had enjoyed, without legal interruption, for more than ten years, the right of draining over or through defendant’s lands and, therefore, an apparent predial servitude had been acquired by the prescription of ten years.
The two decisions clearly constitute an unqualified affirmation of the *573 right, even in the absence of an apparent or just title in writing, to acquire such servitude by mere quiet and uninterrupted possession for ten years, by virtue of Art. 765, R. C. C.
Oral testimony is admissible to establish title to a continuous and apparent servitude, where such is claimed to have been acquired by the prescription of either ten or thirty years. .
Title to it can be shown, first, in the same manner that, title to real estate is established, that is, by a translative title which, if valid, confers an immediate and indisputable right, by the prescription of thirty years, with the possession prescribed bylaw, without any written evidence of title, and in the absence of good faith; secondly, title can also be maintained to such servitudes in two other ways in which real estate cannot be acquired, viz : by destination depere de famille, which is equivalent to title, and the prescription of ten years, by possession, both of which it is lawful to prove by oral testimony.
Indeed, destination depere de famille, as a rule, is not susceptible of written evidence, but may, exceptionally, be shown in that form. Recourse is had, necessarily, to oral testimony, in default of written evidence, in such cases, under the sanction of the law. R. C. C. 767, (763), 769, (765); 13 A. 583.
In relation to the acquisition of such a servitude by the prescription of ten years, no written evidence is necessary. The fact of the possession with the characteristics thereof, as prescribed by law, is all that is required.
Article 53, Chapter iv, Section 11 of the Code of 1808, was to the effect that, “ perpetual and apparent servitudes could be acquired by title or by a possession of thirty years,” but it was modified by the compilers of the Code of 1825, so as to read that, “continuous and apparent servitudes may be acquired by title, or by a possession of ten years,” striking out the' word thirty and substituting the word ten ; but making provision in Article 3170 for the acquisition, by prescription, by the longer term. Articles 761 and 3170, are now Articles 765 and 3504 of the Revised Civil Code of 1870.
When making this change the compilers observed: “ Nous avons pensé que le terme de dix ans, qui était celui exige par lesancienneslois de eet ótat suffisant pour la prescription des servitudes continués et apparentes.” They then referred to Partida 3, tit. 31, law 15, which is to the effect, that if the service be of such a nature that it is daily used without labor on the part of the person who enjoys it, as if it be an aqueduct, * * * and a neighbor makes use of it during ten years, acting in good faith, believing that he had a right to do it, * * * using no force, he will, then acquire the service * * * by prescription. It is manifest that, this *574 mode of acquiring a right to a continuous and apparent servitude can be established by oral testimony, when there exists no written evidence-to justify title.
There is no antagonism between the two Articles : that which refers to the prescription of ten years, relates to those cases in which go.od faith is required, the other, which mentions the prescription of thirty years, concerns the cases in which no good faith is required and, therefore, applies to those where the possession is even characterized by bad faith.
In the instant case, the uninterrupted possession for more than ten years of the original ditches is fully proven, and the principles herein-above laid down are applicable. The extension ditches, however, have not been thus irsed by the defendant and, therefore, no right to their enjoyment has been acquired.
We find no error in the judgment appealed from, which is, therefore, affirmed, the costs of this appeal to be paid by the ajipellant.